UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLBROOK,

        Petitioner,                       Case Number: 5:17-11606
                                                      HON. JOHN CORBETT O'MEARA

v.

MARK MCCULLICK,

        Respondent.
_____/

## OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court on Michigan state prisoner Charles Holbrook's three-page pleading. The pleading was docketed as a habeas corpus petition filed under 28 U.S.C. § 2254. Petitioner's filing fails to comply with Federal Rule of Civil Procedure 3 or Rules 2(c) and (d), Rules Governing Section 2254 Cases in the United States District Courts. The matter, therefore, will be dismissed without prejudice.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of

constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

Federal Rule of Civil Procedure 3 explains that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. The Supreme Court has held that, "[t]he logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Rules 2(c) and (d) of the Rules Governing Section 2254 Cases provide that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief. Although the instant filing references convictions for two counts of producing child sexually abusive material, it is far from clear that these are the convictions Petitioner seeks to challenge. Petitioner also fails to identify the jurisdiction of conviction or the claims raised. The Court will not guess what conviction(s) Petitioner might be challenging or the grounds upon which he seeks relief. The petition will be dismissed without prejudice.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA

may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed without prejudice and denies a certificate of appealability.

Accordingly, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE and a certificate of appealability is DENIED.

SO ORDERED.

Date: June 1, 2017                                    s/John Corbett O'Meara
                                                     United States District Judge


I hereby certify that on June 1, 2017 a copy of this order was served upon Petitioner using first-class U.S. mail.

                                                     s/William Barkholz
                                                     Case Manager